IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KARL W. KRUG, ET AL., | HON. JEROME B. SIMANDLE |
| Plaintiffs, | Civil No. 08-5552 (JBS/AMD) |
| v. | |
| GC SERVICES LIMITED PARTNERSHIP, ET AL., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE,** District Judge:

This matter is before the Court on the motion of Defendant GC Services Limited Partnership ("GC") to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) for Plaintiffs' failure to timely serve process within the 120 days prescribed by Fed. R. Civ. P. 4(m) [Docket Item 7].[1]  For the reasons explained below, the Court shall exercise its discretion to grant an extension of time to Plaintiffs and deny the motion to dismiss.  THE COURT FINDS AS FOLLOWS:

    1.  On November 12, 2008, Plaintiffs filed a class action complaint under provisions of the Fair Debt Collection Practices

---

[1] Defendant moved pursuant to both Fed. R. Civ. P. 12(b)(4) & (5), but argues only that the failure to serve within 120 days should result in dismissal.  There is no allegation that the process itself was insufficient in any manner.  The Court therefore interprets this as a motion under 12(b)(5).

Act (FDCPA), 15 U.S.C. § 1692(d)(6)-(e)(11) (2006), against Defendant GC and unnamed John Doe Defendants based on Defendants' telephonic debt collection practices. Plaintiffs successfully served process upon Defendant GC 149 days after the filing of the complaint (29 days after Rule 4(m)'s deadline).

2. Rule 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

3. When determining whether to grant an extension of time, the district court must first determine whether good cause exists for an extension of time and, if no good cause exists, determine whether the court should nevertheless exercise its discretion not to dismiss the case. See Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1312 (3d Cir. 1995).

4. Plaintiffs do not explain their failure to serve within the 120-day period. Good cause, therefore, does not exist.

5. "Even if good cause is not shown, other factors may warrant an extension of time for service." Chiang v. U.S. Small Business Admin., 331 Fed. Appx. 113, 116 (3d Cir. 2009) (citing Petrucelli, 46 F.3d at 1307). A district court may consider:

> [A]ctual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying causes of action; the conduct of the defendant; and whether the plaintiff is represented by counsel, in addition to any other factor that may be relevant when deciding whether to grant an extension or dismiss the complaint.

Id. (citing Boley v. Kaymark, 123 F.3d 756, 759 (3d Cir. 1997)).

6. There is no relevant conduct of Defendant or claim of actual notice in this case, and Plaintiffs are represented by counsel. The only specific date of unlawful conduct alleged in the complaint is April 3, 2008. (Compl. ¶ 37.) The FDCPA has a statute of limitations of one year. 15 U.S.C. § 1692k(d). The relevant factors are the potential expiration of a statute of limitations,[2] and the prejudice to Defendant.

7. In the absence of some other prejudice to Defendant, the expiration of a statute of limitations suggests that the Court should grant a discretionary extension. "[T]he running of the statute of limitations is a factor supporting the discretionary granting of an extension of time to make service under Rule 4(m)." Boley, 123 F.3d at 759. The presence of a statute of limitations and the absence of prejudice to defendants do not together require the granting of an extension. See Petrucelli, 46 F.3d at 1306. The decision remains within this Court's

---

[2] Defendant contends that at least some of Plaintiffs' claims would be time-barred upon re-filing. (Def.'s Br. Supp. Motion to Dismiss, 3.) Plaintiffs implicitly concede this point. (Pls.'s Br. Opp. Motion to Dismiss, 7.)

discretion.  But the presence of the statute of limitations issue weighs in favor of Plaintiffs and the Court, while having the discretion to deny an extension even then, would prefer to do so only when a defendant has been harmed by the delay.  The sole remaining question, then, is whether and to what extent Defendant was prejudiced by the 29-day delay beyond the 120-day service period and how this should weigh into this Court's exercise of discretion.

8. Defendant claims that the delay will hamper its ability to contact witnesses and marshal evidence, and that the delay allowed the putative class to continue to enlarge because it is defined as all those individuals affected up to the time of class certification.

9. Prejudice "involves impairment of defendant's ability to defend on the merits, rather than foregoing such a procedural or technical advantage." Boley, 123 F.3d at 759.  A showing of prejudice requires more than the general assertion that a delay in service has the potential to hinder collection of evidence. Cf.  Griffin-El v. Beard, Civil Action No. 06-2719, 2009 WL 1542790, at *3 (E.D. Pa. May 29, 2009) ("[T]here is no claim that evidence has been or will be lost or destroyed and there is no indication that witnesses have now become unavailable.") Defendant's bare allegation that efforts to interview witnesses and collect evidence will be hampered by the delay in some

unspecified way therefore constitutes a less-than-persuasive showing of prejudice.

10. The alleged prejudice of an enlarged class is similarly unpersuasive. Defendant claims the size of the class has been enlarged by the delay. On the contrary, a 29-day delay in service likely has little effect on the date of class certification since the timing of that certification is determined by this Court, not Defendant's answer. Indeed, according to Defendant's theory, Defendant's own 22-day extension of time to answer the complaint, [Docket Item 5], enlarged Defendant's liability by a similar proportion. It seems unlikely that Defendant would have requested and taken such a significant extension if it felt prejudiced by each passing day before class certification.[3]

11. Additionally, while any enlargement of the class may have increased Defendant's potential liability, it is not clear that this constitutes "impairment of defendant's ability to defend on the merits" as stated in Boley, 123 F.3d at 759. Boley lists a number of impairments, including death of a witness, increased potential for collusion and fraud, and destruction of evidence. Id. Each of these examples goes to the ability of a

---

[3] Further, the timing of Plaintiffs' filing of a motion for class certification can and should be expedited in the order issued in the forthcoming initial conference under Rule 16(a) & (b), Fed. R. Civ. P., to avoid further delay by Plaintiffs.

5

defendant to prove that he did not violate the law.  The quantum of Defendant's potential liability is independent of whether Defendant's conduct was in violation of the law.

12.  To the extent that either the speculative difficulty in collecting evidence or the speculative enlargement of the class constitute prejudice to the Defendant, this Court finds that, on balance, an extension of time in this case is still in the interests of justice.[4]  In the absence of prejudice to Defendant GC arising from the 29-day delay in service of process, the prospect of dismissal under Rule 4(m) would be to extinguish Plaintiffs' claims due to the running of the statute of limitations which, on balance, would work an injustice.  The accompanying order will be entered.


**November 5, 2009**                    **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                        United States District Judge

---

[4] No determination is made herein regarding timeliness of service and notice to the unnamed John Doe Defendants, since this motion was filed only on behalf of Defendant GC.  There is no evidence of service upon any John Doe Defendant upon the docket.  Failure to give notice within the limitations period to an individual defendant who would thereby know he/she was the John Doe Defendant would appear to defeat the prospect of relation back under Rule 15(c), Fed. R. Civ. P., rendering such eventual service and notice untimely.  The issue of timeliness of the John Doe claims cannot be decided upon the present motion.